MORRIS *et al. v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Supreme Court, Special Term, Westchester County.*   October 21, 1889.)

1. INJUNCTION—PENDENTE LITE—POWERS OF COUNTY JUDGE.
Under Code Civil Proc. N. Y. § 606, providing that an injunction order may be granted "by any county judge," the county judge of the county in which the venue of an action is laid may, on notice to the party sought to be enjoined, grant an injunction to continue during the pendency of the litigation.

2. SAME—NOTICE—PRELIMINARY INJUNCTION.
Code Civil Proc. N. Y. § 609, providing that an injunction order may be granted upon or without notice, in the discretion of the "court or judge;" and section 627, providing that, where an injunction order was granted on notice, the party enjoined may, "on notice to the judge who granted it," apply for an order vacating it,—confer on the judge, as a judge and not as a court, authority to hear both parties on an application for an injunction; and a county judge may give notice of the hearing to the person sought to be enjoined by directing him, in a preliminary injunction, to show cause why it should not be continued.

3. SAME—TRESPASS—CONDEMNATION PROCEEDINGS.
On defendant's failure to appear after due notice, an injunction pending a suit will be granted on plaintiff's showing that defendant is about to forcibly dispossess them of their land under an alleged invalid condemnation proceeding; that great injury would result to plaintiffs if they are deprived of the possession pending the action to determine the validity of the condemnation; and that no injury would result to defendant if it is restrained from taking possession.

At chambers. On motion for a temporary injunction.

*Charles E. Coddington,* (*Noah Davis, Roger A. Pryor, Alfred B. Cruik-shank,* and *H. C. Henderson,* of counsel,) for plaintiffs. *Wm. H. Clark* and *Thos. P. Wicker,* for defendants.

MILLS, J. On August 12th, inst., an application was made to me, in behalf of the plaintiffs, for a temporary injunction order restraining the defendants from entering upon certain lands in the county of Westchester, the property of, and in the actual possession of, the plaintiffs. The application was made upon the summons, the verified complaint, and the affidavits of Leonard W. Jerome and Charles E. Coddington. By those proofs the following material facts appeared: *First.* That the plaintiff Morris is, and for a considerable period has been, the owner in fee of such lands, and by himself, or by the other plaintiff, his lessee, in actual possession thereof as such owner. *Second.* That the defendants threaten, and, in fact, have attempted, to enter upon a portion of said lands by force and multitude of people, and to forcibly take possession of the same, and destroy the plaintiffs' valuable improvements thereon. *Third.* That defendants, in so doing, assert that they are acting under a claim of right in the city of New York to the ownership of said land, by virtue of certain proceedings alleged by them to have been taken in behalf of the city, under a certain statute, to acquire the same for a public parkway. *Fourth.* That the plaintiffs deny the said claim of right in the city, and contend that the said proceedings are invalid, and desire in this ac-

tion to contest the claim of the city. *Fifth.* That very great pecuniary injury will result to the plaintiffs if they are now deprived of the use and possession of the premises in question. *Sixth.* That no pecuniary damage will result to the city if its authorities are restrained from taking possession of the premises pending this litigation. Neither the facts as to the said proceedings in behalf of the city to acquire the land, nor the facts as to grounds upon which the plaintiffs propose to contest the claim of the city, if asserted in the action, are set forth in the moving papers.

That the facts just recited, uncontradicted and unexplained, warrant any judge or court, having the necessary jurisdiction, in granting an injunction pending the action, seemed to me upon the original application, and still seems to me, perfectly clear. However, as the moving papers showed that the defendants were acting under a claim of right, the order granting the injunction was not made absolute pending the suit, but contained a direction to the defendants to show cause before me on the 14th inst. why the injunction should not continue. On the 13th inst. an alternative writ of prohibition, granted by a justice of the supreme court in the first department, at the instance of the defendants, was served upon me. That writ purported to restrain me from acting upon the injunction application then pending before me, on the ground that the county judge of Westchester county has no jurisdiction to act in the premises. That writ was set aside on the return-day thereof by order of the special term, held by the justice who granted it. By an order to show cause, thereafter made by me, the order to show cause, made as aforesaid on the 12th inst., was made returnable at this time. The service of both orders on the defendants is duly proven. The plaintiffs appear by counsel, and ask that the injunction contained in the order of the 12th inst. may be continued. The defendants fail to appear.

Two questions are presented for determination. The first is, has the county judge of Westchester county jurisdiction to act upon the application now made? And the second is, should the application be granted or denied, upon its merits?

As to the latter question, compelled, as I am, by the failure of the defendants to appear, to act upon an *ex parte* case —the plaintiffs' side only; denied, as I am, the privilege of hearing the defendants' case, and any justification there may be of their acts with reference to the plaintiffs' property,—I have no alternative, in my judgment, but to conclude that the application for the continuance of the injunction should, upon the papers and proofs before me, be granted upon the merits.

As to the other question,—the jurisdiction of the judge,—section 606 of the Code of Civil Procedure appears clearly to grant the power to the county judge to grant the temporary injunction in the first instance. That section says: "Except where it is otherwise specially prescribed by law, an injunction order may be granted by the court in which the action is brought, or by a judge thereof, or by any county judge." It would appear that this power of the county judge exists, whether the venue of the action be laid in New York or in Westchester county. The language is: "Or by any county judge." This matter, however, is not before me to decide, as the venue of the action is now laid in Westchester county.

The only question now remaining is whether the county judge has the jurisdiction in the original injunction order to make an order for the defendants to show cause why the application for an injunction should not be granted. The order to show cause is but a means of giving the defendants notice of the application, and an opportunity to be heard thereon. Section 609 of the Code of Civil Procedure says: "The order may be granted upon or without notice, in the discretion of the court or judge, unless the defendant has answered." Again, section 627 of the Code says: " Where the injunction order was granted without notice, or where it was granted upon notice, with leave to apply to vacate or modify it, the party enjoined may apply, upon notice to the judge

who granted it, * * * for an order vacating or modifying the injunction order." The legislature could not have used language more apt to confer upon any judge having authority to grant an injunction order as a judge, not as a court, authority to hear both parties upon the application, and to require notice thereof to be given to the parties sought to be enjoined, and even to entertain a motion by the party enjoined, on notice to the other party, to vacate or modify an injunction order already made by him. The precise question involved here, as to the right of the county judge to act upon this application, upon notice to the parties sought to be enjoined, has been expressly and affirmatively decided by the general term of the supreme court, in the first department, all three justices concurring. *Babcock* v. *Clark*, 23 Hun, 391. The substance of the decision is well stated in the head-note, which is as follows: "In an action brought in the supreme court to restrain the foreclosure, by advertisement, of a mortgage, a county judge may grant an order requiring the defendant to show cause before him why a temporary injunction should not be granted, and restrain him in the mean time from selling the premises at the time specified in the advertisement." In the absence of any opposing authority, none being submitted to or known by me, the above decision should be regarded as an ample and binding precedent. Moreover, my own judgment concurs with its reasoning. My decision, therefore, is that the county judge of Westchester county has jurisdiction to entertain the pending application as here presented, *i. e.*, upon notice to the party sought to be enjoined, and that upon the merits, upon the *ex parte* proofs before me, the pending motion should be granted. In order that the defendants may have every opportunity to present their case, and be heard upon the merits, the order may be drawn so as to give them leave to apply to vacate or modify it.